UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

FREDERICK S. TRUDELL,                )
                                     )
        Plaintiff                    )
                                     )
v.                                   )    Civil No. 08-353-B-W
                                     )
MICHAEL J. ASTRUE,                   )
Commissioner of Social Security,     )
                                     )
        Defendant                    )

### REPORT AND RECOMMENDED DECISION[1]

The plaintiff in this Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal contends that the administrative law judge assigned him an "erroneous" residual functional capacity and that the hypothetical question he posed to the vocational expert was fatally "incomplete." Itemized Statement of Errors ("Itemized Statement") (Docket No. 9) at 2, 5. I recommend that the court affirm the commissioner's decision.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from degenerative disc disease, an impairment that was severe but did not meet or medically equal the criteria of any of the impairments listed in Appendix 1 to Subpart P, 20 C.F.R. Part 404 (the

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on June 19, 2009, pursuant to Local Rule 16.3(a)(2)(C) requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

"Listings"), Findings 3-4, Record at 151-52; that he had the residual functional capacity to perform light work, lifting and carrying 20 pounds occasionally and 10 pounds frequently, and standing, walking, and sitting for six hours in an eight-hour day, with periodic alternating between sitting and standing, and no balancing, stooping, crawling, or crouching, and avoiding vibrations, Finding 5, *id*. at 152; that he was unable to perform his past relevant work, Finding 6, *id*. at 155; that, given his age (45 on the alleged date of onset), high school education, work experience, and residual functional capacity, use of Appendix 2 to Subpart P, 20 C.F.R. Part 404 (the "Grid") as a framework for decision-making led to the conclusion that there were jobs in significant numbers in the national economy that the plaintiff could perform, Findings 7-10, *id*.; and that the plaintiff therefore had not been under a disability, as that term is defined in the Social Security Act, at any time through the date of the decision, Finding 11, *id*. at 156. The Appeals Council declined to review the decision, *id*. at 1-3, making it the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. § 404.1520(g); *Bowen v. Yuckert*, 482 U.S.

137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7.  The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's residual functional capacity to perform such other work.  *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## Discussion

### A.  Mental Impairment

The plaintiff first contends, in conclusory fashion, that the administrative law judge failed to comply with Social Security Ruling 96-8p because he did "not cite a sufficient basis for the residual functional capacity assessment regarding the claimant's mental health" and because he "fails to address the work-related functions," apparently of the plaintiff's non-exertional capacity.  Itemized Statement at 3.  The administrative law judge found that the plaintiff's depression was not severe.  Record at 151-52.

If an impairment is not severe, it need not be included in the residual functional capacity assigned to a claimant, *see* 20 C.F.R. §§ 404.1520a(d)(3), 416.920a(d)(3) ("If we find that you have a severe mental impairment(s) that neither meets nor is equivalent in severity to any listing, we will then assess your residual functional capacity."), but its effects must be considered at Step 5 of the sequential evaluation process, *see* Social Security Ruling 96-8p, reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2008), at 148.  To the extent that the plaintiff's challenge is to the administrative law judge's Step 4 analysis, therefore, it must fail.

At oral argument, counsel for the plaintiff disavowed any intent to argue that the administrative law judge was required to find at Step 2 that the plaintiff's mental impairment was severe or that his Step 2 analysis was not supported by substantial evidence in the record.  He also confirmed that the mental impairment at issue was depression.

Other evidence cited by the plaintiff in this section of his itemized statement, *id*. at 5, is from medical records submitted after the administrative law judge had issued his opinion, *compare* Record at 98 *with id*. at 157. While such evidence may be considered by the Appeals Council, *see Mills v. Apfel*, 244 F.3d 1, 5-6 (1st Cir. 2001), it can have no effect on the plaintiff's application for SSD benefits, as the date last insured for that claim was March 31, 2007, Record at 148. For such benefits, the plaintiff must demonstrate the existence of a disability before the date last insured.

With respect to the plaintiff's claim for SSI benefits, there is no indication in the medical record cited by the plaintiff that the mental impairment that was diagnosed in January 2008 was severe before the administrative law judge issued his decision. *See id*. at 98-100. Accordingly, this evidence cannot establish mental disability for purposes of the SSI claim. 20 C.F.R. §§ 404.970(b), 416.1470(b); *Driver v. Astrue*, 2009 WL 631221 (N.D. Ga. Mar. 9, 2009), at *17 (new evidence must relate to time period on or before date of ALJ's decision).

The plaintiff appears to contend that the administrative law judge wrongfully interpreted raw medical data in reaching his conclusion about the alleged mental impairment, Itemized Statement at 3, and that he was required to consult a medical expert in this regard, *id*. at 5. I do not find any indication in the plaintiff's itemized statement of any basis for his assertion that the administrative law judge interpreted raw medical data in reaching his conclusion that the alleged mental impairment was not severe. That conclusion is supported by the report of the state-agency psychologist reviewer. Record at 454. An administrative law judge is not required to consult a medical expert when there is no need to interpret raw medical data or to infer an onset date. *Rodriguez Pagan v. Secretary of Health & Human Servs*., 819 F.2d 1, 5 (1st Cir. 1987). Accordingly, the plaintiff takes nothing by these arguments.

4

**B.  Vocational Testimony**

The plaintiff argues that the hypothetical question posed to the vocational expert by the administrative law judge at hearing was fatally flawed because the residual functional capacity assigned to the plaintiff in the administrative law judge's opinion was more restrictive than that included in the hypothetical question and because the question posed did not include the mild mental limitations found to be present by the administrative law judge.  Itemized Statement at 5-6.

The hypothetical question at issue was the following:

> [I]f I assume a person who can lift 20 pounds occasionally, 10 pounds frequently, and who could sit five or six hours in an eight-hour workday, and stand about 6 hours in and 8 hour workday, but must periodically alternate sitting and standing, would be able to stand and stretch, limited to occasional climbing, occasional balance, and stooping, crouching, and crawling, no vibration and hazards.

Record at 176.  The vocational expert responded that the person described could work as a service station attendant, with a *Dictionary of Occupational Titles* code of 915.477-010, and a parking lot attendant, 915.473-010.  *Id*.  As previously noted, the residual functional capacity ultimately assigned to the plaintiff stated that he was "precluded . . . from balancing, stooping, crawling, crouching and should avoid vibrations."  *Id*. at 152.

The plaintiff was represented by his current attorney at the hearing.  *Id*. at 158.  No question including the preclusion of any climbing, balancing, stooping, crouching, or crawling was asked of the vocational expert.

While the hypothetical question asked did not fully correspond to the physical limitations later included in the plaintiff's residual functional capacity, that fact does not necessarily require remand.  Where, as here, the variance does not affect one or more of the jobs identified by the vocational expert, the error is harmless.  *Bickford v. Barnhart*, 242 F.Supp.2d 39, 42 (D. Me.

5

2002). As described in the *Dictionary of Occupational Titles*, one of the two jobs identified by the vocational expert in this case, parking lot attendant, does not require any climbing, balancing, stooping, crouching, or crawling. *Dictionary of Occupational Titles* (U.S. Dep't of Labor 4th ed. rev. 1991), § 915.473-010.[2] The other, automobile self-serve service station attendant, DOT § 915.477-010, does require frequent stooping, although none of the other activities at issue.[3] This job was thus mistakenly identified by the vocational expert in the first place. Still, the error is harmless, because, as this court has repeatedly stated, the existence of even a single job in significant numbers in the national economy that a claimant can perform within the limitations identified by an administrative law judge is sufficient to support the commissioner's decision to deny benefits. *See, e.g., Doucette v. Barnhart*, 2004 WL 2862174 (D. Me. Dec. 13, 2004), at *6; *Johnson v. Barnhart*, 2004 WL 1529296 (D. Me. June 24, 2004), at *5 n.7.

Similarly, the plaintiff's mild mental limitations as found by the administrative law judge – mild restrictions of activities of daily living, mild difficulties in maintaining social functioning, and mild difficulties in maintaining concentration, persistence, or pace, Record at 151-52 – do not eliminate either of the two jobs that the vocational expert testified were available to the plaintiff. While the parking lot attendant is described in the DOT under the heading

---

[2] At oral argument, counsel for the plaintiff contended that information about the physical and mental requirements of any job could only be provided by the testimony of a vocational expert. Presumably, therefore, neither the administrative law judge nor the court could refer directly to the DOT under most, if not all, circumstances. That view of Social Security law is simply incorrect. *See, e.g.,* 20 C.F.R. §§ 404.1566(d)(1), 416.966(d)(1) (administrative law judge may take administrative notice of contents of DOT); *Nelson v. Barnhart*, 2005 WL 1353401 (D. Me. June 7, 2005), at *3-*4. Counsel for the plaintiff also asserted that resort to the DOT "denies the claimant her right of meaningful cross-examination," but, as the commissioner treats the DOT as authoritative, any cross-examination of a vocational expert in an attempt to show that the DOT is somehow wrong would not change the result of the case and, accordingly, no due process violation can be shown. *See Levesque v. Astrue*, 2007 WL 3023568 (D. Me. Oct. 12, 2007), at *5, and cases cited therein.

[3] At oral argument, counsel for the commissioner informed the court that vocational experts now often use a computer system known as OccuBrowse in addition to or in place of the Dictionary of Occupational Titles for information about the physical and mental requirements of a particular job. He said that the OccuBrowse description of a self-service automobile service station attendant states that the job requires occasional stooping, rather than frequent stooping as the DOT states. However, that change would still not bring the service station attendant position within the scope of the administrative law judge's residual functional capacity finding that stooping was precluded.

"temperaments" as involving "Dealing with PEOPLE," DOT § 915.473-010, and the automobile service station attendant as "Dealing with PEOPLE," *id*. § 915.477-010, this is not inconsistent with a mild limitation on social functioning. See*, e.g., Jones v. Astrue*, 570 F.Supp.2d 708, 720 (E.D.Pa. 2007) (examining consultant found mild degree of limitation in social functioning coexisted with "get[ting] along well with . . . employers" and having "no difficulty getting along with people").

A failure to include mild limitations in social functioning and maintaining concentration, persistence, or pace in a claimant's residual functional capacity (and thus in any hypothetical question to a vocational expert) is not error and does not mean that the administrative law judge's decision lacked substantial evidentiary support. *Sutton v. Astrue*, 2008 WL 896154 (W.D.Okla. Mar. 28, 2008), at *2. To the extent that a restriction of the activities of daily living can be aligned with any work-related functions, a mild restriction in this area is not inconsistent with the jobs identified by the vocational expert. *See, e.g., Atkins v. Astrue*, 2008 WL 4948663 (E.D.Va. Nov. 18, 2008), at *5 & *7 (upholding administrative law judge's conclusion that mild restrictions of activities of daily living, along with moderate restrictions on social functioning and concentration, persistence, or pace would not preclude work-related activities and were consistent with sedentary occupations such as telephone sales, sales clerk, or appointment clerk). *See also Schmidt v. Astrue*, 496 F.3d 833, 840, 844-45 (7th Cir. 2007) (hypothetical question that included only jobs not involving high production goals or more than simple to moderately complex instructions not inconsistent with finding of mild limitations in daily activities and social functioning).

There was no error in the hypothetical question with respect to the found mild mental limitations, and, if there were such error, it was harmless.

7

**Conclusion**

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

## *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 30th day of June, 2009.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge